IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KODIAK PRODUCTS CO., INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:03-CV-1474-Y |
| | § | |
| TIE DOWN, INC., | § | |
| | § | |
| Defendant. | § | |

**EMERGENCY MOTION, AND BRIEF IN SUPPORT THEREOF, TO QUASH
DEPOSITION NOTICES AND FOR PROTECTIVE ORDER
RELATING TO SAME**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Kodiak Products Co., Inc. ("Kodiak"), pursuant to Federal Rule of Civil Procedure 26(c), requests this Court quash the deposition notices of William Glidewell and Jerry Dolezal and enter a protective order relating to same.

**BACKGROUND**

Kodiak filed this action on December 23, 2003. On April 22, 2004, the Court issued its Initial Scheduling Order, which provided the parties cease all discovery activity on October 15, 2004. On two separate occasions, July 14, 2004 and September 21, 2004, the parties submitted agreed motions that included requests to extend this deadline. The Court granted both motions. The deadline imposed by the final order modifying the scheduling order required the parties to cease all discovery activity on January 30, 2005.

On December 28, 2004, Tie Down, Inc. ("Tie Down") served a Notice of Taking Deposition of William Glidewell for January 17, 2005. A copy of this notice is attached as Exhibit "1" to the Affidavit of Bryon L. Romine ("Romine Aff."), which is attached as Exhibit

"A" to this Motion.   Counsel for Tie Down agreed to withdraw the notice as it appeared at that time settlement negations might bear fruit.  (Romine Aff. ¶ 2.)

During the week of January 17, 2005, when settlement negotiations stalled, counsel for Tie Down sought dates, specifically January 27, 2005, for the depositions of both Glidewell, and *for the first time,* Dolezal, an employee of Kodiak. (Romine Aff. ¶ 3.)

On Friday January 21, 2005, Kodiak offered to enter a stipulation dismissing this case with prejudice.  A copy of the correspondence enclosing the proposed stipulation is attached as Exhibit "2" to the Romine Affidavit.  Tie Down refused to enter the stipulation as proposed, but conditioned its agreement to dismiss the case on extending the discovery period three months in order to seek evidence to support a claim for attorneys' fees. A copy of Tie Down's proposed stipulation is attached as Exhibit "3" to the Romine Aff. In response to this unreasonable condition, counsel for Kodiak informed counsel for Tie Down it intended to simply file a Motion to Dismiss, without Tie Down's stipulation.[1] (Romine Aff. ¶ 4.)

In spite of this, Tie Down continued to seek additional depositions.  In order to avoid engaging in discovery battles relating to satellite litigation (which, despite its best efforts, it has not), Kodiak's counsel engaged in informal discussions concerning Glidewell's deposition.  In addition to dates, counsel for the parties discussed the length and scope of the deposition. However, Kodiak never agreed to produce Dolezal for deposition after the close of discovery. (Romine Aff. ¶ 5.)

On January 27, 2005, Tie Down served notices of deposition for both Glidewell and Dolezal for February 9, 2005.  A copy of the notices and correspondence from Tie Down's counsel concerning the notices is attached as Exhibit "4" to the Romine Aff.  Counsel for Kodiak immediately sent correspondence to counsel for Tie Down seeking its withdrawal of the Dolezal

---

[1] Kodiak's Motion to Dismiss with Prejudice has been filed contemporaneously with this Motion.

**EMERGENCY MOTION, AND BRIEF IN SUPPORT THEREOF, TO QUASH DEPOSITION NOTICES AND FOR PROTECTIVE ORDER RELATING TO SAME – Page 2**

notice. The letter also sought a written stipulation concerning the length and scope of the Glidewell deposition as conditions to producing him after the close of discovery. A copy of this correspondence is attached as Exhibit "5" to the Romine Aff.

By a letter dated January 31, 2005, Counsel for Tie Down refused to enter the written stipulation. A copy is attached as Exhibit "6" to the Romine Aff.

Kodiak agrees with many of the statements in the letter, but not all. Kodiak agrees that many of the discussions concerning Glidewell's deposition arose in the context of settlement discussions -- if the case did not settle, but rather appeared to be going to trial, depositions would be allowed. However, a disagreement between the parties exists concerning the content of discussions concerning Glidewell's deposition after Kodiak announced it intention to dismiss the case -- namely the limits on the deposition. (Romine Aff. ¶ 8.)

Despite Tie Down's assertion to the contrary, counsel for the parties discussed the limits in the proposed Rule 29 stipulation. Counsel for Tie Down was specifically asked how much time would be required to take Glidewell's deposition. Counsel responded he could take the deposition in a half a day. Counsel was also asked, given that Kodiak intended to seek the dismissal of the case, why he needed the deposition. Counsel responded that, given his interpretation of the case law governing attorneys' fee awards under the Lanham Act, he desired testimony concerning the merits of the case. (Romine Aff. ¶ 9.) The proposed Rule 29 stipulation sought to memorialize these discussions and hold counsel to his representations.

## ARGUMENTS AND AUTHORITIES

The Court should quash the Glidewell and Dolezal deposition notices and enter a protective order relating to same because: 1) Tie Down seeks these depositions after the close of the discovery period; 2) Tie Down has already far exceeded the number of depositions

---

**EMERGENCY MOTION, AND BRIEF IN SUPPORT THEREOF, TO QUASH DEPOSITION NOTICES AND FOR PROTECTIVE ORDER RELATING TO SAME – Page 3**

authorized by the Federal Rules of Civil Procedure; and 3) given Kodiak has filed it's a motion to dismiss the case with prejudice, Tie Down seeks the depositions solely as a tool of harassment and annoyance.

Tie Down seeks to depose Glidewell and Dolezal on February 9, 2005, in spite of the Court's entry of an *agreed* order that provided all discovery cease January 30, 2005. Moreover, Tie Down has already taken 16 depositions in this case.[2]  Federal Rule of Civil Procedure 30(2)(A) requires a court order to take more than 10.

Kodiak engaged in preliminarily discussions concerning the Glidewell deposition, even after it announced its intent to seek a dismissal of the case. But the parties never reached a final agreement -- counsel for Tie Down has refused to sign a written stipulation pursuant to Federal Rule of Civil Procedure 29. Moreover, Kodiak never agreed, orally or in writing, to the deposition of Dolezal outside the discovery period. The purpose of Rule 29 is to avoid disputes concerning informal oral agreements and "understandings", and wasting judicial resources in resolving such disputes. *See Tropix, Inc. v. Lyon & Lyon*, 169 F.R.D. 3, 3-4 (D. Mass. 1996); *Byrd v. Byrd*, 1998 U.S. Dist. LEXIS 11855 *8-9 (D.D.C. February 12, 1998). Thus, under Rule 29, oral agreements relating to discovery are not enforceable. *See Pertrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1310 (3rd Cir. 1995).

In addition, Tie Down seeks these depositions in spite of Kodiak's clear expression of its intent to seek dismissal of the case. The only conceivable basis for these depositions now is to annoy and harass Kodiak. This is especially true in the case of Glidewell, given Tie Down has already cross-examined him in open court at the preliminary injunction hearing held September 9, 2004. Any testimony concerning the "merits of the case" Tie Down feels is required to

---

[2] Tie Down submitted transcripts of these depositions in support of its opposition to Kodiaks requested preliminary injunction.

**EMERGENCY MOTION, AND BRIEF IN SUPPORT THEREOF, TO QUASH DEPOSITION NOTICES AND FOR PROTECTIVE ORDER RELATING TO SAME – Page 4**

support its claim for attorney fees' was, or could have been, obtained in this cross-examination. The Court is authorized to protect parties from the harassment and annoyance, as well and the undue burden and expense, the depositions will involve. *See* FED. R. CIV. PRO. 26(c).

## RELIEF REQUESTED

Because Tie Down seeks the depositions of Glidewell and Dolezal outside the discovery period and no written stipulation exists authorizing such depositions, Kodiak seeks an Order from the Court quashing the deposition notices and entry of a protective order relating to same. Moreover, because the depositions have been noticed for February 9, 2005, Kodiak requests this Motion be granted ex parte or, in the alternative, that Tie Down be ordered to file a response by such time that will allow the Court to determine the Motion prior to February 9, 2005.

Respectfully submitted,

By: _____

GARY S. KESSLER
Texas Bar No. 11358200
BRYON L. ROMINE
Texas Bar No. 24029804

KESSLER & COLLINS
  A Professional Corporation
5950 Sherry Lane
Suite 222
Dallas, Texas 75225
214.379.0722
214.373.4714 (Facsimile)

***ATTORNEYS FOR KODIAK PRODUCTS CO., INC.***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of *Plaintiff's Emergency Motion, and Brief in Support Thereof, to Quash Deposition Notices and Protective Order Relating to Same* was served via facsimile on the 31st day of January, 2005, on the following counsel of record:

> J. Alexander Porter
> Porter & Orrison, LLP
> 3400 Peachtree Rd. N.E.
> 1135 Lenox Towers
> Atlanta, Georgia 30326

BRYON L. ROMINE

## CERTIFICATE OF CONFERENCE

I certify that this Emergency Motion to Quash and for Protective Order is opposed. Counsel for Kodiak Products Co., Inc and counsel for Tie Down, Inc., J. Alexander Porter, exchanged correspondence dated January 27, 2005 and January 31, 2005 in an attempt to resolve the issues underlying this Motion, but were unable to reach an agreement. Kodiak maintains it never agreed to allow Tie Down to take the deposition of Jerry Dolezal after the close of the discovery period and after it filed a Motion to Dismiss. The parties disagree on the terms of an informal, oral agreement concerning the deposition of William Glidewell.

BRYON L. ROMINE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KODIAK PRODUCTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:03-CV-1474-Y |
| | § | |
| TIE DOWN, INC., | § | |
| | § | |
| Defendant. | § | |

## AFFIDAVIT OF BRYON L. ROMINE

1. My name is Bryon L. Romine. I am over the age of 21 years. I am counsel for Kodiak Products, Inc. and have personal knowledge of the facts stated in this Affidavit and the facts stated in this Affidavit are all true and correct.

2. Attached as Exhibit "1" to this Affidavit is a true and correct copy of a Notice of Taking Deposition of William Glidewell served by Tie Down on December 28, 2004. In discussions I had with its counsel, Tie Down agreed to withdraw the notice as it appeared at that time settlement negations might bear fruit.

3. During the week of January 17, 2005, when it appears settlement negotiations were going nowhere, counsel for Tie Down sought dates, specifically January 27, 2005, for the depositions of both Glidewell, and *for the first time,* Dolezal, an employee of Kodiak.

4. On Friday January 21, 2005, Kodiak offered to enter a stipulation dismissing this case with prejudice. A true and correct copy of the correspondence enclosing the proposed stipulation is attached as Exhibit "2" to this Affidavit. Tie Down refused to enter the stipulation as proposed, but instead conditioned its agreement to dismiss the case on extending the discovery period three months in order to seek evidence to support a claim for attorneys' fees. A copy of Tie Down's proposed stipulation is attached as Exhibit "3" to this Affidavit. In response to this unreasonable condition, counsel for Kodiak informed counsel for Tie Down it intended to simply file a Motion to Dismiss, without Tie Down's stipulation.

5. In spite of this, Tie Down continued to seek additional depositions. In order to avoid engaging in discovery battles relating to satellite litigation (which, despite its best efforts, it has not), Kodiak's counsel, including myself, engaged in informal discussions concerning Glidewell's deposition. In addition to dates, counsel for the parties discussed the length and scope of the deposition. Kodiak, however, never agreed to produce Dolezal after the close of discovery.

6. On January 27, 2005, Tie Down served notices of deposition for both Glidewell and Dolezal for February 9, 2005. A true and correct copy of the notices and correspondence from Tie Down's counsel concerning the notices is attached as Exhibit "4" to this Affidavit. I

---

**AFFIDAVIT OF BRYON L. ROMINE – Page 1**

immediately sent correspondence to counsel for Tie Down seeking Tie Down's withdrawal of the Dolezal notice. The letter also sought a written stipulation concerning the length and scope of the Glidewell deposition as conditions to producing him after the close of the discovery period. A true and correct copy of this correspondence is attached as Exhibit "5" to this Affidavit.

7.     Attached as Exhibit "6" to this Affidavit is a true and correct copy of correspondence received from counsel for Tie Down refusing to enter the stipulation.

8.     Kodiak agrees with statements in Exhibit 6, including that many of the discussions concerning Glidewell's deposition arose in the context of settlement discussions -- if the case did not settle, but rather appeared to be going to trial, depositions would be allowed. However, Kodiak disagrees with the content letter relating to discussions concerning Glidewell's deposition after Kodiak announced it intention to dismiss the case -- namely the limits on the deposition.

9.     After Tie Down continued it pursuit of depositions after Kodiak indicated its intent to seek a dismissal of the case, counsel for Tie Down was specifically asked how much time would be required to take Glidewell's deposition. Counsel was also asked why he needed the deposition. Counsel responded that, given his interpretation of the case law governing attorneys' fee awards under the Lanham Act, he desired testimony concerning the merits of the case.

EXECUTED this 31ˢᵗ day of January 2005, in Dallas County, Texas.


_____
BRYON L. ROMINE


SWORN TO AND SUBSCRIBED BEFORE ME, this _____ day of January, 2005.


        [SEAL]                    _____
                                  Notary Public, State of Texas

                                  Print: _____


**AFFIDAVIT OF BRYON L. ROMINE – Page 2**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KODIAK PRODUCTS CO., INC.,       )
                                 )
                                 )
            Plaintiff,           )
                                 )        Civil Action No. 4:03-CV-1474-Y
v.                               )
                                 )
TIE DOWN, INC.,                  )
                                 )
            Defendant.           )

## NOTICE OF TAKING OF DEPOSITION

To:   Plaintiff Kodiak Products Co., Inc. by and through its counsel of record Bryon L.
      Romine, Kessler & Collins, 5950 Sherry Lane, Suite 222, Dallas Texas 75225

       Please take notice that the Defendant Tie Down, Inc. in the above-styled action

will take the deposition of William Glidewell , managing agent of Plaintiff, commencing

at 9:30 am o'clock Central Time, on January18, 2004, at the offices of FORD WHITE

& NASSEN P.C. 8080 North Central Expressway Suite 1600, LB 65, Dallas, Texas

75206-1819

                        This deposition will be taken before an officer duly authorized to

administer oaths, and shall continue from day to day until completion. Said deposition

will be taken on oral examination pursuant to the Federal Rules of Civil Procedure and

for all purposes of cross examination of an adverse party and for all other purposes

authorized by those Rules and any other applicable rules. You are invited to attend.

EXHIBIT (

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing documents has been served on the following counsel of record on this the 28th day of December, 2004:

> Gary S. Kessler, Esq.
> Bryon L. Romine
> Kessler & Collins
> 5950 Sherry Lane, Suite 222
> Dallas, Texas  75225
> Facsimile:  (214)373-4714

J. Alexander Porter

PORTER & ORRISON, LLP
Lenox Towers Suite 1135
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Telephone:  (404)233-2334
Facsimile:  (404)231-5318



**K E S S L E R**
**C O L L I N S**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

January 21, 2005

*THIS CORRESPONDENCE CONSTITUTES A SETTLEMENT COMMUNICATION*
*UNDER FEDERAL RULE OF EVIDENCE 408.*

**VIA EMAIL - aporter@porterorrison.com**

Mr. J. Alexander Porter
PORTER & ORRISON, LLP
3400 Peachtree Road, N.E.
1135 Lenox Towers
Atlanta, Georgia 30326

Re:   *Kodiak Products Co., Inc. v. Tie Down, Inc.*; Civil Action No. 4-03CV1474-Y; Filed in
       the U.S. District Court, Northern District of Texas, Fort Worth Division

Dear Alex:

I have enclosed with this letter a proposed Stipulation of Dismissal and Order relating to same.
Because Kodiak no longer wishes to pursue its claims, I believe this is the most efficient method
for resolving this matter.

It is my understanding that the sole basis for your client's refusal to agree to dismiss this case is
Tie Down's desire to recover its attorneys' fees under the Lanham Act. The enclosed Stipulation
reserves Tie Down's right to seek its fees. However, it also reserves Kodiak's right to seek its
fees in defense of Tie Down's claim under 28 U.S.C. § 1927 and Rule 11.

As you are aware, in order to recover fees, Tie Down will be required to show that this is an
"exceptional case" by "clear and convincing evidence." *Procter & Gamble Co. v. Amway Corp.*,
280 F.3d 519, 526 (5th Cir. 2002). In order to demonstrate an exceptional case in the Fifth
Circuit, a defendant must show the case was brought in bad faith. *Scott Fetzer Co. v. House of
Vacuums, Inc.*, 381 F.3d 477, 490 (5th Cir. 2004). This is not an exceptional case.

The Court, while denying the preliminary injunction on the evidence presented at our
abbreviated trial, did not see this as an implausible case. It took the Court two months to issue a
31-page opinion, with an extensive review of the facts. It relied on cases not cited by either

5950 Sherry Lane · Suite 222 · Dallas, Texas 75225 · (214) 379-0722 · Fax (214) 373-4714

EXHIBIT 2

Mr. J. Alexander Porter
January 21, 2005
Page 2

party.  Many of the factors it weighed supported Kodiak's claim.  Most importantly, the Court found Tie Down intentionally copied Kodiak's design.  *See Order Denying Motion for Preliminary Injunction* at 21.  We have **also** engaged an expert who we think the Court will consider persuasive in defense of an attorney fee claim.

The proposed stipulation should satisfy.  **If** your client insists in pursuing satellite litigation, please accept this letter of notice we will seek Kodiak's fees in defense of its claims.

Please contact me or Gary Kessler at your earliest convenience to discuss this offer.

Sincerely,

Bryon L. Romine

BLR/tbm
Enclosure

cc:     Kodiak Products Co., Inc.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KODIAK PRODUCTS CO., INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:03-CV-1474-Y |
| | § | |
| TIE DOWN, INC., | § | |
| | § | |
| Defendant. | § | |

## STIPULATION OF DISMISSAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Plaintiff Kodiak Product Co., Inc. ("Kodiak") and Defendant Tie Down, Inc. ("Tie Down") (together the "Parties") and, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), file this, their Stipulation of Dismissal.

The Parties, by and through their respective counsel, stipulate to dismiss this action with prejudice, each party to bear its own costs.

Defendant, however, reserves its rights to pursue a claim for attorneys' fees pursuant to 15 U.S.C. §1117(a) after entry of the Order of Dismissal. Plaintiff reserves the right to seek fees pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 incurred in defending Defendant's pursuit of attorneys' fees, if any.

Respectfully submitted,

KESSLER & COLLINS, P.C.                    PORTER & ORRISON, LLP


_____                    _____
GARY S. KESSLER                                J. ALEXANDER PORTER
Texas Bar No. 11358200                         Georgia Bar No. 384700
BRYON L. ROMINE
Texas Bar No. 24029804

5950 Sherry Lane                               3400 Peachtree Road, N.E.
Suite 222                                      1135 Lenox Towers
Dallas, Texas 75225                            Atlanta, Georgia 30326
214.379.0722                                   (404) 233-2334
214.373.4714 (Facsimile)                       (404) 231-5318 (Facsimile)

*ATTORNEYS FOR KODIAK*                          *ATTORNEY FOR TIE DOWN, INC.*
*PRODUCTS CO., INC.*


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of *Plaintiff's Motion for Preliminary Injunction* was served via certified mail, return receipt requested on the _____ day of January, 2005, on the following counsel of record:

> J. Alexander Porter
> Porter & Orrison, LLP
> 3400 Peachtree Rd. N.E.
> 1135 Lenox Towers
> Atlanta, Georgia 30326


_____
GARY S. KESSLER


**STIPULATION OF DISMISSAL – Page 2**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KODIAK PRODUCTS CO., INC.,           §
                                     §
            Plaintiff,               §
                                     §
v.                                   §        Civil Action No. 4:03-CV-1474-Y
                                     §
TIE DOWN, INC.,                      §
                                     §
            Defendant.               §

## AGREED ORDER ON STIPULATION TO DISMISS

Before the Court is the Parties' Stipulation of Dismissal. The Court has reviewed it, and good cause appearing, it is **ORDERED** that:

1)  This matter is dismissed with prejudice, each party to bear its own costs;

2)  The Court retains jurisdiction of this matter for the purposes of any application by Defendant for an ward of attorneys' fees under 15 U.S.C. § 1117(a) and Plaintiff's pursuit of fees under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 in response to such application for fees.

Signed: _____

_____
JUDGE PRESIDING

**AGREED ORDER ON STIPULATION TO DISMISS – Page 1**

AGREED:

KESSLER & COLLINS, P.C.                PORTER & ORRISON, LLP


_____                _____
GARY S. KESSLER                        J. ALEXANDER PORTER
Texas Bar No. 11358200                 Georgia Bar No. 384700
BRYON L. ROMINE
Texas Bar No. 24029804

5950 Sherry Lane                       3400 Peachtree Road, N.E.
Suite 222                              1135 Lenox Towers
Dallas, Texas 75225                    Atlanta, Georgia 30326
214.379.0722                           (404) 233-2334
214.373.4714 (Facsimile)               (404) 231-5318 (Facsimile)

*ATTORNEYS FOR KODIAK*                 *ATTORNEYS FOR TIE DOWN, INC.*
*PRODUCTS CO., INC.*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KODIAK PRODUCTS CO., INC.,            )
                                      )
                                      )
              Plaintiff,              )
                                      )        Civil Action No. 4:03-CV-1474-Y
v.                                    )
                                      )
TIE DOWN, INC.,                       )
                                      )
              Defendant.              )

## STIPULATION OF DISMISSAL WITH PREJUDICE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Plaintiff Kodiak Product Co., Inc. ("Kodiak") and Defendant Tie

Down, Inc. ("Tie Down") (together the "Parties") and, pursuant to Federal Rule of Civil

Procedure 41(a)(1)(ii), file this, their Stipulation of Dismissal.

The Parties, by and through their respective counsel, stipulate to the dismissal

with prejudice of Plaintiff's complaint, as amended.

Defendant, however, reserves its rights to pursue any claims which it may name

for its  attorneys fees and costs after entry of the Order of Dismissal.  Plaintiff reserves

the right to seek fees pursuant to 28 U.S.C. §1927 and Federal Rule of Civil Procedure 11

incurred in defending against any claim by Defendant for attorneys fees.

The parties further stipulate that any such motion by Defendant for attorneys' fees

must be filed within 120 days of entry by the Court of an Agreed Order on Stipulation to

Dismiss and that Defendant is entitled to discovery for a period of 90 days from filing of

such order limited to the issue of its entitlement, if any, to attorneys fees and costs.

**STIPULATION OF DISMISSAL WITH PREJUDICE**            EXHIBIT __3__            PAGE 1

Respectfully submitted,

KESSLER & COLLINS, P.C.                    PORTER & ORRISON, LLP


_____          _____
GARY S. KESSLER                           J. ALEXANDER PORTER
Texas Bar No. 11358200                    Georgia Bar No. 584700
BYRON L. ROMINE
Texas Bar No. 24029804

5950 Sherry Lane                          3400 Peachtree Rd., N.E.
Suite 222                                 Suite 1135, Lenox Towers
Dallas, Texas 75225                       Atlanta, Georgia 30326
214/379-0722                              404/233-2334
214/373-4714 (facsimile)                  404/231-5318 (facsimile)

*ATTORNEYS FOR KODIAK*                    *ATTORNEYS FOR*
*PRODUCTS CO., INC.*                      *TIE DOWN, INC.*


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of ***Stipulation for Dismissal with Prejudice*** was served via certified mail, return receipt requested on the _____ day of January, 2005, on the following counsel of record:

J. Alexander Porter
Porter & Orrison, LLP
3400 Peachtree Rd., N.E.
1135 Lenox Towers
Atlanta, Georgia 30326


_____
GARY S. KESSLER


**STIPULATION OF DISMISSAL WITH PREJUDICE**                    **PAGE 2**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KODIAK PRODUCTS CO., INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 4:03-CV-1474-Y |
| v. | ) | |
| | ) | |
| TIE DOWN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED ORDER ON STIPULATION OF DISMISSAL WITH PREJUDICE

Before the Court is the Parties' Stipulation of Dismissal.  The Court has reviewed it, and good cause appearing, it is **ORDERED** that:

1)       Plaintiff's Complaint, as amended, is hereby dismissed with prejudice;

2)       The Court retains jurisdiction of this matter for the purposes of any application by Defendant for an award of attorneys' fees and costs and Plaintiff's pursuit of fees under 28 U.S.C. §1927 and Federal Rule of Civil Procedure 11 in response to such application for fees.  Any such application by Defendant must be filed within 120 days of the date of entry of this Order;

3)       Defendant is granted a period of 90 days from entry of this order to make discovery, limited to the issue of entitlement, if any, to attorneys fees and costs.

DATED: _____.

_____
JUDGE PRESIDING

AGREED ORDER ON STIPULATION OF DISMISSAL WITH PREJUDICE          PAGE 1

The above and foregoing is hereby agreed to.

KESSLER & COLLINS, P.C.                    PORTER & ORRISON, LLP


_____            _____
GARY S. KESSLER                           J. ALEXANDER PORTER
Texas Bar No. 11358200                    Georgia Bar No. 584700
BYRON L. ROMINE
Texas Bar No. 24029804

5950 Sherry Lane                          3400 Peachtree Rd., N.E.
Suite 222                                 Suite 1135, Lenox Towers
Dallas, Texas  75225                      Atlanta, Georgia 30326
214/379-0722                              404/233-2334
214/373-4714  (facsimile)                 404/231-5318  (facsimile)

*ATTORNEYS FOR KODIAK*                     *ATTORNEYS FOR*
*PRODUCTS CO., INC.*                       *TIE DOWN, INC.*


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of a ***Agreed Order on  Stipulation for Dismissal with Prejudice*** was served via certified mail, return receipt requested on the ___ day of January, 2005, on the following counsel of record:

> J. Alexander Porter
> Porter & Orrison, LLP
> 3400 Peachtree Rd., N.E.
> 1135 Lenox Towers
> Atlanta, Georgia  30326


_____
GARY S. KESSLER


**AGREED ORDER ON STIPULATION OF DISMISSAL WITH PREJUDICE**          **PAGE** 2

**PORTER & ORRISON, LLP**
ATTORNEYS AT LAW
1135 LENOX TOWERS
3400 PEACHTREE ROAD, N. E.
ATLANTA, GEORGIA 30326
404/233-2334

J. ALEXANDER PORTER                                    FACSIMILE  404/231-5318

January 27, 2005

**VIA FACSIMILE/AND**
**FEDERAL EXPRESS**

Bryon Romine, Esq.
Kessler & Collins, P.C.
5950 Sherry Lane
Suite 222
Dallas, TX  75225

     Re:    <u>Kodiak Products Co., Inc. v. Tie Down, Inc.</u>,
              Civil Action No. 4-03CV1474-Y
              In the U.S. District Court for the Northern District
              of Texas, Forth Worth Division

Dear Bryan:

      I received your e-mail of today wherein you request that we schedule the
"deposition" for February 9, 2005.  As you know I have been trying to schedule two
depositions.  Enclosed herewith are deposition notices for the taking of depositions of
Mr. Glidewell and Mr. Dolezal on February 9, 2005 at the offices of Ford, White, &
Nassen, P.C.  Of course, I am willing to take these depositions in your office, but we had
not discussed that previously.

      Best regards.

              Very truly yours,

              Porter & Orrison, LLP

              J. Alexander Porter

JAP/ewh
cc:    Charles J. MacKarvich

EXHIBIT   4

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KODIAK PRODUCTS CO., INC.,     )
    )
    )
       Plaintiff,     )
    )      Civil Action No. 4:03-CV-1474-Y
v.     )
    )
TIE DOWN, INC.,     )
    )
       Defendant.     )

## <u>NOTICE OF TAKING OF DEPOSITION</u>

To:    Plaintiff Kodiak Products Co., Inc. by and through its counsel of record Bryon L. Romine, Kessler & Collins, 5950 Sherry Lane, Suite 222, Dallas Texas 75225

Please take notice that the Defendant Tie Down, Inc. in the above-styled action will take the deposition of William Glidewell , managing agent of Plaintiff, commencing at 9:00 am o'clock Central Time, **on** February 9, 2005, at the offices of FORD WHITE & NASSEN P.C. 8080 North Central Expressway Suite 1600, LB 65, Dallas, Texas 75206-1819

This deposition will be taken before an officer duly authorized to administer oaths, and shall continue from day to day until completion. Said deposition will be taken on oral examination pursuant to the Federal Rules of Civil Procedure and for all purposes of cross examination of an adverse party and for all other purposes authorized by those Rules and any other applicable rules. You are invited to attend.

**NOTICE OF TAKING OF DEPOSITION**        **PAGE** 1

Respectfully submitted,

PORTER & ORRISON, LLP

J. ALEXANDER PORTER
Georgia Bar Number 584700
Admitted Pro Hac Vice
Lenox Towers Suite 1135
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Telephone:  (404)233-2334
Facsimile:  (404)231-5318

Of Counsel:
FORD WHITE & NASSEN P.C.
DONALD F. HAWBAKER
Texas Bar No. 09243300
8080 North Central Expressway
Suite 1600, LB 65
Dallas, Texas  75206-1819
Telephone:  (214)523-5100
Facsimile: (214)521-4601

ATTORNEYS FOR DEFENDANT
TIE DOWN, INC.

**NOTICE OF TAKING OF DEPOSITION**                    **PAGE 2**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing documents has been served on the following counsel of record on this the 27th day of June, 2005:

Gary S. Kessler, Esq.
Bryon L. Romine
Kessler & Collins
5950 Sherry Lane, Suite 222
Dallas, Texas 75225
Facsimile: (214)373-4714

J. Alexander Porter

PORTER & ORRISON, LLP
Lenox Towers Suite 1135
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone: (404)233-2334
Facsimile: (404)231-5318

**NOTICE OF TAKING OF DEPOSITION**                    **PAGE 3**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KODIAK PRODUCTS CO., INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 4:03-CV-1474-Y |
| v. | ) | |
| | ) | |
| TIE DOWN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF TAKING OF DEPOSITION

To:   Plaintiff Kodiak Products Co., Inc. by and through its counsel of record Bryon L. Romine, Kessler & Collins, 5950 Sherry Lane, Suite 222, Dallas Texas 75225

Please take notice that the Defendant Tie Down, Inc. in the above-styled action will take the deposition of Jerry Dolezal , managing agent of Plaintiff, commencing at 1:00 pm o'clock Central Time, on February 9, 2005, at the offices of FORD WHITE & NASSEN P.C. 8080 North Central Expressway Suite 1600, LB 65, Dallas, Texas 75206-1819

This deposition will be taken before an officer duly authorized to administer oaths, and shall continue from day to day until completion. Said deposition will be taken on oral examination pursuant to the Federal Rules of Civil Procedure and for all purposes of cross examination of an adverse party and for all other purposes authorized by those Rules and any other applicable rules. You are invited to attend.

**NOTICE OF TAKING OF DEPOSITION**                                    **PAGE 1**

Respectfully submitted,

PORTER & ORRISON, LLP

J. ALEXANDER PORTER
Georgia Bar Number 584700
Admitted Pro Hac Vice
Lenox Towers Suite 1135
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone: (404)233-2334
Facsimile: (404)231-5318

Of Counsel:
FORD WHITE & NASSEN P.C.
DONALD F. HAWBAKER
Texas Bar No. 09243300
8080 North Central Expressway
Suite 1600, LB 65
Dallas, Texas 75206-1819
Telephone: (214)523-5100
Facsimile: (214)521-4601

ATTORNEYS FOR DEFENDANT
TIE DOWN, INC.

**NOTICE OF TAKING OF DEPOSITION**                    **PAGE 2**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing documents has been served on the following counsel of record on this the 27 th day of July, 2005:

Gary S. Kessler, Esq.
Bryon L. Romine
Kessler & Collins
5950 Sherry Lane, Suite 222
Dallas, Texas 75225
Facsimile: (214)373-4714

J. Alexander Porter

PORTER & ORRISON, LLP
Lenox Towers Suite 1135
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone: (404)233-2334
Facsimile: (404)231-5318

**NOTICE OF TAKING OF DEPOSITION**                    **PAGE 3**



**K E S S L E R**
**C O L L I N S**

A T T O R N E Y S   A T   L A W
A PROFESSIONAL CORPORATION

January 27, 2005

**VIA EMAIL - aporter@porterorrison.com**

Mr. J. Alexander Porter
PORTER & ORRISON, LLP
3400 Peachtree Road, N.E.
1135 Lenox Towers
Atlanta, Georgia 30326

Re:     *Kodiak Products Co., Inc. v. Tie Down, Inc.*; Civil Action No. 4-03CV1474-Y; Filed in
        the U.S. District Court, Northern District of Texas, Fort Worth Division

Dear Alex:

I have received your deposition notices for Mr. Glidewell and Mr. Dolezal. This appears to be
another instance you are attempting to take a mile when given an inch. We have verbally agreed
to produce Mr. Glidewell after the close of the discovery period, based upon the assumption his
would be the only deposition taken. We have never agreed to produce Mr. Dolezal or agreed to a
wholesale extension of the discovery deadline.

Please withdraw your Notice of Deposition for Mr. Dolezal or we will withdraw our consent to
produce any witnesses. If you agree to withdraw Mr. Dolezal's notice, we will agree to produce
Mr. Glidewell for deposition at our office subject to the conditions we discussed: 1) the scope of
the deposition will be limited to factual issues concerning Kodiak's claims; 2) the deposition will
be limited in time to a half a day (four (4) hours). If these conditions are acceptable, please sign
in the space below for purposes of Federal Rule of Civil Procedure 29.

If you are unwilling to withdraw your notice or refuse to return a signed copy of this letter to my
attention by facsimile by 5:00 pm CST tomorrow, accept this letter for certificate of conference
purposes relating to our Motion for Protective Order.



EXHIBIT 5

Mr. J. Alexander Porter
January 27, 2005
Page 2


Sincerely,

Bryon L. Romine

BLR/tbm


AGREED:


_____

J. Alexander Porter, attorney for Defendant Tie Down, Inc.

cc:     Kodiak Products Co., Inc.

KESSLER · COLLINS

## PORTER & ORRISON, LLP
### ATTORNEYS AT LAW
1135 LENOX TOWERS
3400 PEACHTREE ROAD, N. E.
ATLANTA, GEORGIA 30326
404/233-2334

J. ALEXANDER PORTER                              FACSIMILE  404/231-5318

January 31, 2005

### *VIA FACSIMILE/AND U.S. MAIL*

Bryon Romine, Esq.
Kessler & Collins, P.C.
5950 Sherry Lane
Suite 222
Dallas, TX 75225

      Re:    <u>Kodiak Products Co., Inc. v. Tie Down, Inc.</u>,
           Civil Action No. 4-03CV1474-Y
           In the U.S. District Court for the Northern District
           of Texas, Forth Worth Division

Dear Bryan:

      I am in receipt of your letter of January 27, 2005, regarding the depositions which we desire to take.

      First, let me say that we will not agree to your conditions.

      I simply cannot understand why I am accused of "taking a mile when given an inch," either in this instance or otherwise in this case. But for consenting to a preliminary injunction, I have agreed to every request by you that has been made including two discovery extensions. My requests to take your client's depositions have not been unreasonable. You have successfully put them off at every turn.

      On at least two occasions in just the recent past, Mr. Glidewell's deposition has been postponed at your firm's request. Most recently, Mr. Kessler stated that he would agree to the taking of Mr. Glidewell's deposition after January 28, 2005, the close of discovery. All of this came up in the context of trying to resolve the case. Mr. Kessler's latest proposal to Tie Down in essence was that Kodiak would agree to a stipulation dismissing the case, with prejudice upon an agreed order but that Tie Down would reserve the right to seek attorneys' fees and costs against Kodiak. I sent a counter-proposal agreeing in principal, but reserving limited discovery regarding the attorneys' fees issue. In our discussions surrounding these proposals, all of which took place last week, I told Mr. Kessler that since I had never taken discovery depositions of Kodiak,

EXHIBIT 6

*VIA FACSIMILE/AND U.S. MAIL*
Bryon Romine, Esq.
January 31, 2005
Page Two

and since the discovery period was about to lapse, I wanted to be protected if the stipulation concept did not work. I told him that I wanted to take the deposition of Mr. Jerry Dolezal as well as that of Mr. Glidewell. I had told you that in the week prior and suggested January 27, 2005 for both witnesses. He agreed that I could take Mr. Glidewell's deposition beyond January 28, 2005. Your email to me of January 25, 2005, was apparently a revocation of Gary's promise. The next day, you questioned making Mr. Dolezal available. In the meantime, on January 26, 2005, you also advised me that Kodiak would not accept any stipulation that reserved discovery and that you were going to file a motion to dismiss the case.

Whereas you have finally agreed to make Mr. Glidewell available, you want to limit the time for his examination and the scope of the subject matter, conditions which your letter says were previously discussed, but were not. No such limitations were imposed when Mr. MacKarvich's deposition was taken. These conditions are simply not acceptable.

When this litigation commenced, Mr. MacKarvich advised Mr. Glidewell that the 46250 caliper was out of production and would no longer be sold when inventory was depleished because of Tie Down's introduction of the aluminum 46304. A non-machined cast of the 46304 was sent to Mr. Glidewell.

Instead of discussing the matter further, Kodiak amended its complaint to include the 46304 caliper and filed a motion for preliminary injunction regarding both calipers, seeking to shut down Tie Down's caliper business. As you know, Tie Down has spent approximately $150,000 in defending this frivolous litigation which we advised months ago we felt was based on anticompetitive motives.

Best regards.

Sincerely,

PORTER & ORRISON, LLP

J. Alexander Porter

JAP/ewh
cc:     Charles J. MacKarvich