ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 2 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KODIAK PRODUCTS CO., INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:03-CV-1474-Y |
| | § | |
| TIE DOWN, INC. | § | |

## ORDER TEMPORARILY QUASHING DEPOSITION NOTICES

Pending before the Court is plaintiff Kodiak Products Company, Inc. ("Kodiak")'s Emergency Motion to Quash Deposition Notices and for Protective Order, which was filed in the above-styled and numbered cause on January 31, 2005. Kodiak's motion requests that the Court quash deposition notices served on William Glidewell and Jerry Dolezal by defendant Tie Down, Inc. ("Tie Down") on January 27, 2005. After careful consideration of this matter, the Court finds that the deposition notices should be and are hereby TEMPORARILY QUASHED pending the final disposition of Kodiak's motion.

Additionally, the Court finds that the parties should be given one final opportunity to make a good faith attempt at resolving this discovery dispute among themselves. In this regard, the parties are referred to the *en banc* opinion in *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988). The Court warns the parties that discovery disputes are not taken lightly, and, if resolution by the Court is required, sanctions will be imposed upon any party found to be conducting or opposing discovery unreasonably, in bad faith, or otherwise not in compliance with the rules or *Dondi*.

Therefore, the parties are hereby ORDERED to begin conferring

in an attempt to reach an amicable resolution of this dispute without court intervention within **three working days** of receipt of this order.

It is further ORDERED that, if the parties are able to resolve this dispute, Kodiak shall file a notice of withdrawal of its motion no later than **February 22, 2005.** If the parties are unable to resolve this issue among themselves, then Tie Down shall have until no later than 4:00 p.m. on **February 28, 2005,** to file a response to Kodiak's motion. Kodiak's reply to Tie Down's response, if any, shall be filed in accordance with local rule 7.1(f).

SIGNED February __2__, 2005.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/kat